UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
ROBERT L. GARBER, on behalf of :
himself and all others similarly situated, :
:
Plaintiff, :
:
vs. : **Civil Action No. 1: 07-cv-11422-UA**
:
WASHINGTON MUTUAL, INC., *et al.*, :
:
Defendants. :
---------------------------------------------------------x
JOEL ABRAMS, *et al.*, on behalf of :
themselves and all others similarly situated, :
:
Plaintiffs, :
:
vs. :
:
WASHINGTON MUTUAL, INC., *et al.*, : **Civil Action No. 1:07-cv-09806-AKH**
:
Defendants. :
---------------------------------------------------------x
:
:
DENNIS KOESTERER, on behalf of :
himself and all others similarly situated, :
:
Plaintiff, :
:
vs. :
:
WASHINGTON MUTUAL, INC., *et al.*, : **Civil Action No. 07-cv-09801-CM**
:
Defendants. :
---------------------------------------------------------x

**DECLARATION OF KEITH M. SNOW IN SUPPORT OF MOTION BY THE NEW YORK CITY POLICE AND FIRE PENSION FUNDS FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

KEITH M. SNOW hereby declares, pursuant to 28 U.S.C. § 1746:

1. I am an Assistant Corporation Counsel and Senior Counsel of the Pensions Division in the Office of the Corporation Counsel of the City of New York ("Law Department").

2. I submit this declaration in support of the application made by the New York City Police and Fire Pension Funds described below (collectively, the "NYC Police and Fire Pension Funds") for appointment as Lead Plaintiff and approval of their selection of Lead Counsel in this securities fraud litigation against Washington Mutual, Inc. and others, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

3. The NYC Police and Fire Pension Funds consist of the actuarial pension systems of New York City, including the Police and Fire Department Pension Funds and four variable supplement funds. The NYC Police and Fire Pension Funds held over $32 billion in assets as of September 30, 2007. As of October 15, 2007, the NYC Police and Fire Pension Funds had approximately 55,000 retirees and 48,000 active members.

4. The New York City Police Pension Fund ("Police"), created pursuant to New York Local Law 2 of 1940, provides pension benefits for designated employees of the New York City Police Department. As of September 30, 2007, Police held over $22 billion in assets and had more than 36,000 active members and 37,000 retired members.

5. The New York City Fire Department Pension Fund ("Fire"), established pursuant to Section 13-301 of the Administrative Code of the City of New York, provides pension benefits for full-time uniformed employees of the New York City Fire Department. As of September 30, Fire held approximately $7.5 billion in assets, and had almost 12,000 active members and just under 18,000 retired members.

6. The New York City Police Officers' Variable Supplements Fund ("POVSF"), New York City Police Superior Officers' Variable Supplements Fund ("PSOVSF"), New York City Firefighters' Variable Supplements Fund ("FFVSF") and New York City Fire Officers' Variable Supplements Fund ("FOVSF") were enacted, pursuant to enabling State legislation, to provide certain retirees of the New York City Police Department and the New York City Fire Department with fixed supplemental benefits from variable supplement funds. As of September 30, 2007, POVSF had over $1.1 billion in assets, PSOVSF had over $1.5 billion in assets. As of June 30, 2007, FFVSF had approximately $612 million in assets, and FOVSF had approximately $353 million in assets.

7. The New York City Comptroller ("Comptroller") is the investment manager for the NYC Police and Fire Pension Funds pursuant to resolutions passed by each of the Funds. In that capacity, he: (a) makes recommendations to the Boards of the Police and Fire Pension Funds with respect to such matters as asset allocations, investment strategies and selection of outside investment managers; (b) retains outside investment managers that have been selected by the Boards of the NYC Police and Fire Pension Funds, many of which managers invest for both of the NYC Police and Fire Pension Funds; (c) establishes substantially similar investment guidelines for the investments made by each of the NYC Police and Fire Pension Funds; (d) monitors and oversees the performance of the NYC Police and Fire Pension Funds' outside investment managers.

8. For the most part, the NYC Police and Fire Pension Funds are invested in domestic equities, international equities, and U.S. fixed income securities.

9. The Comptroller is a Trustee of the Board of Trustees of each of the NYC Police

and Fire Pension Funds.

10. The Law Department is the legal arm of the City of New York. Pursuant to the powers and duties granted to it under Section 394 of the New York City Charter, the Law Department represents all City agencies and the NYC Police and Fire Pension Funds, as well as the offices of elected officials such as the Comptroller and the Public Advocate. In the matters in which outside counsel is retained to represent New York City, its agencies and its pension funds, the Law Department has the sole authority and responsibility to select which firms to retain and to negotiate the terms of retention.

11. The Law Department has over 650 attorneys with exceptional depth in all areas of litigation, including class action and securities litigation, at both the trial and appellate levels. The Law Department's expertise extends to the areas of bankruptcy, professional malpractice, financial transactions and other related fields. Since 1992, the Law Department has litigated a number of cases involving securities law, both in private securities fraud class action litigation and in cases involving the issue of whether companies were required to include the NYC Police and Fire Pension Funds' shareholder proposals in their proxy materials (*see, e.g., NYC Funds v. Brunswick Corp.*, 789 F. Supp. 144 (S.D.N.Y. 1992)).

12. The Law Department serves as counsel to the NYC Police and Fire Pension Funds and is thus able to provide direction and monitoring of this litigation on behalf of the NYC Police and Fire Pension Funds. The Law Department has both the experience and resources to perform this function. In this regard, the Law Department served as counsel for the NYC Police and Fire Pension Funds in *In re Cendant Corp. Litig.*, 264 F.3d 201 (3rd Cir. 2001) and in *In re Orbital Sciences Corporation Securities Litigation*, 188 F.R.D. 237 (E.D. Va. 1999), securities class

actions in which the NYC Police and Fire Pension Funds (along with other New York City pension funds) were designated as lead plaintiffs, as well as in significant non-class securities litigation. *See In re WorldCom, Inc. Securities Litigation*, 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004). The Law Department currently serves as counsel for certain of the in *In re Take Two Securities Litigation*, Civil Action No. 1:06-cv-00803-SWK (S.D.N.Y.), *In re Juniper Networks, Inc. Securities Litigation*, Civil Action No. C06-04327-JW (N.D. Cal.), *Vogel v. Jobs*, No. 06-5208-JF (N.D. Cal.) and *In re Countrywide Financial Corp. Securities Litigation*, Civil Action No. CV-07-05295-MRP-MAN (C.D. Cal.) in which those New York City Pension Funds have been appointed lead plaintiff.

13. The NYC Police and Fire Pension Funds are eminently qualified to lead this litigation, having sustained significant losses, detailed in the Loss Analyses attached to the NYC Police and Fire Pension Funds' certifications, which in all probability make them the member of the class with the largest financial interest in the outcome of this litigation. In addition, the Funds have proven themselves to be precisely the type of activist institutional investor Congress was trying to attract to lead securities litigation, when it enacted the PSLRA.

14. The PSLRA sought to "empower investors so that they, not their lawyers, control private securities litigation . . . ." Conference Report on Securities Litigation Reform, H.R. Rep. No. 369, 104th Cong., 1st Sess. 31, reprinted in 1955 U.S.CC.AN 679, 730-34 ("Conf. Rep."). *In re Cendant Corporation Litigation*, 98-1664 (WNW) (D.N.J.), a case in which certain New York City pension funds (the "NYC Funds"), including the NYC Police and Fire Pension Funds, served as Lead Plaintiff, is one of the best examples of client driven rather than lawyer driven securities class actions.

15. In *Cendant*, the NYC Funds successfully challenged the $262 million fee requested by Lead Counsel as being in violation of its retainer agreement. The Third Circuit ruled in favor of the NYC Funds ultimately resulting in a savings to the class of over $200 million.

16. In addition to getting the Third Circuit to vacate the improper fee award, the NYC Funds sought and obtained judicial clarification on the rights and obligations of lead plaintiffs to select and retain counsel and the propriety of auctions under the PSLRA. Represented by attorneys from the Law Department and the New York City Comptroller's office, the NYC Funds were solely responsible for achieving this landmark decision.

17. The NYC Funds, including the NYC Police and Fire Pension Funds, have been highly selective in choosing cases they feel are appropriate for public pension fund leadership. Their decision to seek lead plaintiff status is governed not only by their interest in maximizing the recovery to the class, but also in obtaining changes in corporate governance and safeguards against the occurrence of similar abuses in the future.[1]

18. As a result of this selectivity, the NYC Police and Fire Pension Funds are in full compliance with 15 U.S.C. § 78u-4, limiting service as a lead plaintiff in five securities class actions during any three-year period. The NYC Police and Fire Pension Funds have decided to seek to be Lead Plaintiff in this litigation because of the magnitude of their losses and the important public policy considerations at stake.

19. The NYC Police and Fire Pension Funds have selected the firm of Lowey

---

[1] As Lead Plaintiff or Co-Lead Plaintiff, NYC Funds obtained significant corporate governance changes in *In re Cendant Corporation Litigation*, 98-1664 (WNW)(D.N.Y.) and *In re Orbital Science Corporation Securities Litigation*, 99-197-A (JCC) (E.D. Va.).

Dannenberg Cohen, P.C. ("Lowey Dannenberg") to serve as Lead Counsel, should this Court appoint the NYC Police and Fire Pension Funds to serve as lead plaintiff. Lowey Dannenberg is one of the most experienced and highly regarded securities litigation firms in the country, and has been pre-qualified to represent the NYC Police and Fire Pension Funds in securities litigation after a merits selection process.

20. The NYC Police and Fire Pension Funds and Lowey Dannenberg have negotiated a schedule for the payment of attorneys' fees which provides for contingent fee payments that are significantly less than fees typically awarded in securities fraud class action litigation. Lowey Dannenberg has agreed that it will not submit any fee applications to the Court without the prior approval of the NYC Police and Fire Pension Funds. (Any fee applications will, of course, be subject to final approval of the Court.)

21. Pursuant to its agreement with Lowey Dannenberg, the Law Department will receive, review, and approve all significant pleadings (*e.g.*, consolidated complaint, motion for class certification and significant discovery motions) *before* they are filed with the Court. The Law Department will be kept abreast of court appearances, settlement discussions, and other important meetings. The Law Department will also receive and review, on a periodic basis, time and expense reports of Lowey Dannenberg.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 4th day of January, 2008.

*[signature]*
KEITH M. SNOW

2100 / MISC / 00086007.WPD v1