# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
ROBERT L. GARBER, on behalf of     :
himself and all others similarly situated,     :
    :
           Plaintiff,     :
    :
         vs.     :   **Civil Action No. 1: 07-cv-11422-UA**
    :
WASHINGTON MUTUAL, INC., *et al.*,     :
    :
           Defendants.     :
-------------------------------------------------------x
JOEL ABRAMS, *et al.*, on behalf of     :
themselves and all others similarly situated,     :
    :
           Plaintiffs,     :
    :
         vs.     :
    :
WASHINGTON MUTUAL, INC., *et al.*,     :   **Civil Action No. 1:07-cv-09806-AKH**
    :
           Defendants.     :
-------------------------------------------------------x
    :
    :
DENNIS KOESTERER, on behalf of     :
himself and all others similarly situated,     :
    :
           Plaintiff,     :
    :
         vs.     :
    :
WASHINGTON MUTUAL, INC., *et al.*,     :   **Civil Action No. 1:07-cv-09801-CM**
    :
           Defendants.     :
-------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE NEW YORK CITY POLICE AND FIRE PENSION FUNDS FOR CONSOLIDATION, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.      THE NYC POLICE AND FIRE PENSION FUNDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      Consolidation of the Class Actions Is Appropriate . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      The NYC Police and Fire Pension Funds
                Should Be Appointed Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                1.      The Procedure Required Under the PSLRA
                        for Appointment of Lead Plaintiff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                2.      The NYC Police and Fire Pension Funds Have
                        Timely Moved for Appointment as Lead Plaintiff . . . . . . . . . . . . . . . . . . 8

                3.      The NYC Police and Fire Pension Funds Have
                        the Largest Financial Interest in the Relief Sought by the Class . . . . . . . . 8

                4.      The NYC Police and Fire Pension Funds Otherwise Satisfy
                        the Requirements of Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        C.      The NYC Police and Fire Pension Funds' Selection of
                Lead Counsel Should Be Approved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aronson v. McKesson HBOC*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Caridad v. Metropolitan-North Commuter R.R.*,
  191 F.3d 283 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Goldberger v. PXRE Group, Ltd.*,
  Nos. 06-CV-3410 (KMK), 06-CV-3440 (GBD), 06-CV-3544 (KMK),
  06-CV-4638 (KMK), 2007 WL 980417 (S.D.N.Y. Mar. 30, 2007) . . . . . . . . . . . . . . . . . . . 5

*Hevesi v. Citigroup, Inc.*,
  366 F.3d 70 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Initial Public Offering Security Litigation*,
  214 F.R.D. 117 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Olsten Corp. Securities Litigation*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Tarragon Corp. Secs. Litig.*,
  No 07 Civ. 7972 (PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 7, 2007). . . . . . . . . . . . . . . . . 6

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Olsten v. New York Community Bancorp, Inc.*,
  233 F.R.D. 101 (E.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sofran v. LeBranche & Co., Inc.*,
  220 F.R.D. 398 (S.D.N.Y. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Strougo v. Brantley Capital Corp.*,
  243 F.R.D. 100 (S.D.N.Y. 2007);. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Vladimir v. Bioenvision, Inc.*,
    No. 07 Civ. 6416 (SHS) (AJP), 2007 WL 4526532
    (S.D.N.Y. Dec. 21, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 12, 14

## STATUTES

15 U.S.C.§ 78u-4(a)(3)(A) et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 78u- 4(a)(3)(B) et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 1407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## RULES

Fed. R. Civ. P. 23(a)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 42(a) (as amended December 1, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## MISCELLANEOUS

*Manual for Complex Litigation, Fourth*, § 11.631 (2004).. . . . . . . . . . . . . . . . . . . . . . . . . . 5

H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT

Certain New York City Pension Funds (defined below and referred to as the "NYC Police and Fire Pension Funds" or "Movants") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 42(a) of the Federal Rules of Civil Procedure, for an order (1) consolidating the above-captioned actions; (2) appointing the NYC Police and Fire Pension Funds as Lead Plaintiff of the class of purchasers of the securities of Washington Mutual, Inc. ("WMI" or the "Company"); and (3) approving the NYC Police and Fire Pension Funds' selection of Lowey Dannenberg Cohen, P.C. ("Lowey Dannenberg") as Lead Counsel for the Class.

## I.    THE NYC POLICE AND FIRE PENSION FUNDS

Movants are two pension systems of the City of New York: the New York City Fire Department Pension Fund ("Fire"), and the New York City Police Pension Fund ("Police"), and four variable supplemental funds: the New York City Police Superior Officers' Variable Supplements Fund, the New York City Police Officers' Variable Supplements Fund, the New York City Fire Officers' Variable Supplements Fund, and the New York City Firefighters Variable Supplements Fund. *See Declaration of Keith M. Snow* ("*Snow Decl.*"), ¶¶ 3-7.  The NYC Police and Fire Pension Funds had more than $22 billion in assets and approximately 55,000

retirees and 48,000 active members as of September 30, 2007.[1]  *Id.* ¶ 3.   As of September 30,

2007, Police held $22 billion in assets, and Fire held approximately $7.5 billion in assets.  *Id.*,

¶¶ 4-5.  Police serves more than 36,000 active members and 37,000 retired members.  *Id.*, ¶ 4.

Fire serves almost 12,000 active members and just under 18,000 retired members.  *Id.*, ¶ 5.

The NYC Police and Fire Pension Funds purchased 615,867 shares of WMI common

stock during the proposed Class Period, as defined below, and suffered losses of $15,173,101

calculated on a "FIFO" basis, and losses of $4,966,246 determined on a "LIFO" basis.[2]  *See* NYC

Police and Fire Pension Funds' Loss Analyses, annexed as Exhibit 1 to the *Declaration of Peter*

*D. St. Phillip, Jr.* ("*St. Phillip Decl.*").

The NYC Police and Fire Pension Funds believe that they have the largest financial

interest at stake in these actions, and otherwise satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure, which would make the NYC Police and Fire Pension Funds

presumptively the most adequate Lead Plaintiff to prosecute this litigation.  *See* 15 U.S.C. § 78u-

---

[1]    The New York City Comptroller is investment advisor to, and custodian of, the NYC Police and Fire Pension Funds.  Pursuant to Title 13 of the New York City Administrative Code, the Boards of Trustees of the NYC Police and Fire Pension Funds have delegated to the Comptroller of the City of New York investment responsibility for management of the NYC Police and Fire Pension Funds' assets.  *Snow Decl.*, ¶ 7.

[2]    The "FIFO" methodology is referred to as "first-in-first-out."  FIFO matches the first shares purchased against the first shares sold.  Therefore, where the investor purchased shares before the start of the class period, those purchases are matched with the investor's first sales during the class period, so that the resulting gain or loss is excluded from the loss calculation.  Then, remaining class period sales are matched against class period purchases. Lastly, for any shares retained at the end of the class period, they are assigned a value equal to the average stock price of the company during the 90 days following the end of the class period, which value is subtracted from the price paid for those shares.  In contrast, under the "LIFO" or "last-in, first-out" methodology, the most recent sales are matched against the most recent purchases during the class period.

4(a)(3)(B)(iii)(I), *cited in Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82  n.11 (2d Cir. 2004).  As

demonstrated herein, the NYC Police and Fire Pension Funds are eminently qualified to serve as a

Lead Plaintiff for the putative class.  Indeed, the NYC Police and Fire Pension Funds are precisely

the type of institutional investor Congress had in mind to step forward and prosecute class actions

on behalf of public investors who have been defrauded.  The NYC Police and Fire Pension Funds

should be appointed Lead Plaintiff.


II.    **BACKGROUND**

Beginning on November 5, 2007, securities class action lawsuits and shareholder

derivative actions were filed against WMI and certain of its senior officers and directors in the

United States District Courts for the Southern District of New York and the Western District of

Washington.  Two of the three cases pending in this Court have been assigned to the Honorable

Colleen McMahon (*Koesterer v. Washington Mutual, Inc.*, C.A. No. 1:07-cv-09801-CM) and the

Honorable Alvin K. Hellerstein (*Abrams, et al. v. Washington Mutual, Inc.*, C.A. No. 1:07-cv-

09806-AKH).[3]  *See* Exs. 4 & 5 to *St. Phillip Decl.*  The case pending in the Western District of

Washington bears the caption *Nelson v. Woods, et al.*, No. C 07 1809 (MJP) and has been

assigned to the Honorable Marsha J. Pechman.[4]

---

[3]     As of this writing, one of the cases, *Garber v. Washington Mutual, Inc.*, C.A. No.
1:07-cv-11442-UA (S.D.N.Y.) has yet to be assigned.  *See* Ex. 6 to *St. Phillip Decl.*

[4]     By motion filed before the Judicial Panel on Multidistrict Litigation on November
28, 2007, WMI has sought pretrial coordination pursuant to 28 U.S.C. § 1407 in the Western
District of Washington.  *In re Washington Mutual, Inc. Securities, Derivative and "ERISA"
Cases, MDL No. 1919.*  While the NYC Police and Fire Pension Funds believe that this Court is
the more appropriate forum for pretrial proceedings, the NYC Police and Fire Pension Funds
have contemporaneously filed a Lead Plaintiff application in the United States District Court for

Beginning on October 17, 2007 WMI made a series of adverse disclosures concerning the quality of its mortgage portfolio and its exposure to litigation which has resulted in billions of dollars in writedowns and increased reserves. Moreover, the New York Attorney General, the U.S. Securities and Exchange Commission and the U.S. Department of the Treasury's Office of Thrift Supervision have commenced formal investigations or regulatory actions relating to WMI's business practices. Following these relevations, the market price for WMI common stock has plunged 58 percent, losing more than $16 billion in shareholder value.

The putative class action complaints charge the Company and certain senior officers and directors with violations of Sections 10(b) (the antifraud provision) and 20(a) (the controlling person provision) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. The complaints allege that, during the Class Period[5], (1) the Company concealed the extent of its exposure to anticipated losses and defaults in its lending portfolio; (2) contrary to earlier representations, the Company grossly misrepresented the adequacy of its reserves for losses as conditions in the credit and housing markets deteriorated; (3) the defendants had engaged in a conspiracy with third party appraisal companies to artificially inflate the appraised value of homes for certain mortgages to enable the Company to report false loan-to-value ratios; and (4) the Company misrepresented the soundness of its lending portfolio and mortgages. As a result, the Company's financial statements were materially false and misleading at all relevant times. When the Company disclosed its true

_____

the Western District of Washington.

[5]The longest class period alleged in the pending actions spans from April 18, 2006 to December 10, 2007, inclusive. *See* ¶ 54 of Complaint in *Garber v. Washington Mutual, Inc.*, Ex.6 to *St. Phillip Decl.*

financial condition and belatedly reserved for the large loan losses it had swept under the carpet, its stock price tumbled, wiping out billions of dollars of shareholder value.

## III.    ARGUMENT

### A.    Consolidation of the Class Actions Is Appropriate

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of similar actions and provides:

> **(a) Consolidation.**  If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) (as amended December 1, 2007).  Consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure is appropriate when actions involve common questions of law and fact.  *Manual for Complex Litigation, Fourth*, § 11.631, at 121-22 (2004); *see also, Goldberger v. PXRE Group, Ltd.*, Nos. 06-CV-3410 (KMK), 06-CV-3440 (GBD), 06-CV-3544 (KMK), 06-CV-4638 (KMK), 2007 WL 980417, at *2 (S.D.N.Y. Mar. 30, 2007) ("In determining the propriety of consolidation, district courts have broad discretion, and generally favor the view that considerations of judicial economy favor consolidation").  "In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). "[T]he facts and legal issues need not be identical to

warrant consolidation." *In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 292-93 (E.D.N.Y. 1998).

Where, as here, more than one action on behalf of a class asserting substantially the same claims has been filed, the PSLRA requires the Court to address consolidation before it appoints a Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(ii) (1997) ("a court shall not make the [lead plaintiff and counsel determination] decision until "after such decision [on the motion to consolidate] is rendered."  *See also, Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) (same).

The class actions pending before this Court assert similar factual and legal issues – each alleges federal securities violations resulting from the dissemination of false financial statements. *Compare* Exs. 4, 5 & 6 to *St. Phillip Decl.*  The complaints allege that Defendants made material misrepresentations relating to WMI's lending and appraisal practices in violation of the federal securities laws.  WMI and certain senior executives are defendants in these cases, and the claims against them are similar.  Because the parties, claims and facts are largely overlapping among these cases, consolidation of the three above-captioned cases is appropriate.  *In re Tarragon Corp. Secs. Litig.*, No 07 Civ. 7972 (PKC), 2007 WL 4302732, at *1 (S.D.N.Y. Dec. 7, 2007) (consolidating similar class actions seeking relief under federal securities laws).

**B.** **The NYC Police and Fire Pension Funds Should Be Appointed Lead Plaintiff**

    **1.** **The Procedure Required Under the PSLRA**
            **for Appointment of Lead Plaintiff**

Under the PSLRA, the plaintiff who files the initial action must, within twenty days of filing the complaint, publish a notice in a "widely circulated national business-oriented publication or wire service," informing class members of the pendency of the action and their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The Notice must inform class members of their right to file a motion for appointment as lead plaintiff within 60 days of publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A). Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

The reviewing court must next consider the losses allegedly suffered by the various movants and select as the presumptive Lead Plaintiff the one "who has the largest financial interest . . . [and] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[6]

---

[6]    The PSLRA sets forth the following standard:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the

2.    **The NYC Police and Fire Pension Funds Have Timely Moved
for Appointment as Lead Plaintiff**

Here, the initial notice was published on November 5, 2007.  *See Ex. 2 to St. Phillip Decl.*
The 60-day period under the PSLRA during which motions for the appointment of Lead Plaintiff
must be filed expires on January 4, 2008.  The NYC Police and Fire Pension Funds have timely
moved within the statutory 60-day period.  As required by the PSLRA and local rules, the NYC
Police and Fire Pension Funds have also provided Certifications setting forth their transactions in
WMI securities during the Class Period.  *See* Certifications and Loss Analyses, Ex. 1 to the *St.
Phillip Decl*.  The Certifications indicate that the NYC Police and Fire Pension Funds have
reviewed a complaint filed in the actions, understand the responsibilities of serving as lead
plaintiff, and are willing to serve in the best interests of the class.  *Id.*  In addition, the NYC Police
and Fire Pension Funds have retained competent and experienced counsel.  *See* Lowey
Dannenberg Firm Resume, Ex. 3 to *St. Phillip Decl.*; *Snow Decl*., ¶ 19.

3.    **The NYC Police and Fire Pension Funds Have
the Largest Financial Interest in the Relief Sought by the Class**

The NYC Police and Fire Pension Funds believe they are presumptively the most adequate
plaintiff.  The NYC Police and Fire Pension Funds believe they have the largest financial interest
in the relief sought by the Class of any class member that has moved to be designated Lead

_____

class; and

(cc) otherwise satisfies the requirements of Rule 23
of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

Plaintiff. Courts in the Second Circuit have developed a four-factor test for determining the largest financial interest, focusing on: (1) the total number of shares purchased (or sold) during the class period; (2) the number of net shares purchased (or sold) during the class period (*i.e.*, the difference between the number of shares purchased (or sold) and the number of shares sold (or purchased)); (3) the total net funds expended during the class period (i.e., the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate loss suffered during the class period. *Strougo v. Brantley Capital Corp.,* 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007). Most courts have found the fourth factor, the approximate loss suffered during the class period, to be the most important factor in determining who should be the lead plaintiff. *Id.*

As reflected in their Certifications and Loss Analyses, during the proposed Class Period, the NYC Police and Fire Pension Funds collectively purchased 615,867 shares of WMI common stock and spent approximately $7.0 million in net funds. *See* Ex. 1 to *St. Phillip Decl.* The NYC Police and Fire Pension Funds collectively sustained aggregate losses of $15,173,101 million on a FIFO basis and $4,966,246 million on a LIFO basis. *Id.*

As of this filing, the NYC Police and Fire Pension Funds are not aware of any motion for appointment as Lead Plaintiff made by a party who claims to have sustained greater financial losses in connection with the purchase and sale of WMI common stock during the Class Period. Upon information and belief, because the NYC Police and Fire Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff movant, it should be designated the presumptive Lead Plaintiff. *Vladimir v. Bioenvision, Inc.*, No. 07 Civ. 6416 (SHS) (AJP), 2007

WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007) ("The PSLRA provides a rebuttable presumption in favor of the class member with the "largest financial interest." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (bb)[]") (footnote omitted)).

Moreover, by emphasizing financial stake, the PSLRA was intended to encourage institutional investors like the NYC Police and Fire Pension Funds to take up the mantle as lead plaintiff. *Id.* ("Congress decided that the PSLRA's objectives are best achieved when lead plaintiffs are institutional investors or others with large holdings at stake whose interests will be most strongly aligned with those of the class members.") (collecting cases)); *Aronson v. McKesson HBOC*, 79 F. Supp. 2d 1146, 1153 (N.D. Cal. 1999) ("the framers of the [PSLRA] envisioned that established institutional investors would take control of securities litigation"). *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.). (The Act was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake") (reprinted at 1995 U.S.C.C.A.N. 730, 733).

The legislative history of the PSLRA also demonstrates that it was intended to prompt institutional investors, such as the NYC Police and Fire Pension Funds, to serve as a lead plaintiff. As the Statement of Managers for the PSLRA noted:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the "most adequate plaintiff.
>
> The Conference Committee believes that . . . in many cases the beneficiaries of pension funds – small investors – ultimately have the greatest stake in the outcome

of the lawsuit.  Cumulatively, these small investors represent a single large investor interest.  Institutional investors and other class members with the large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.

H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.).

The NYC Police and Fire Pension Funds – which have each delegated to the New York City Comptroller investment responsibility for the Funds' assets (*Snow Decl.*, ¶ 7) – satisfy the PSLRA's prerequisites for appointment as lead plaintiff in these class actions and should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).[7]

### 4.    The NYC Police and Fire Pension Funds Otherwise Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.  At the lead plaintiff appointment stage, "[t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."

---

[7]    In *Aronson v. McKesson HBOC*, *supra*, the court recognized that although the NYC Funds, including the NYC Police and Fire Pension Funds, (which have separate and independent Boards of Trustees) "are separate entities . . . they are essentially one person for purposes of the Reform Act . . . ." 79 F. Supp. 2d at 1157, n.11.

*Bioenvision, supra,* 2007 WL 4526532, at *7 (collecting cases).  Consequently, in deciding a lead

plaintiff motion, courts shall limit their inquiry to the typicality and adequacy prongs of Rule

23(a), and defer examination of the remaining requirements until a class certification motion is

filed.  *Sofran v. LeBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (citing *In re

Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of

the class.  Typicality exists "where the claims arise from the same conduct from which the other

class members' claims and injuries arise."  *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117,

121 (S.D.N.Y. 2002); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.

1992).  The requirement that the proposed class representative's claims be typical of the claims of

the class does not mean, however, that the claims must be identical.  *Caridad v. Metro-North

Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999).  Typicality does not require that there be no

factual differences between the class representatives and the class members, because it is the

generalized nature of the claims asserted which determines whether the class representatives are

typical.

The NYC Police and Fire Pension Funds satisfy the typicality requirements of Rule 23

because, just like all other class members they: (1) purchased WMI stock at prices artificially

inflated by the false and misleading statements issued by defendants; (2) have claims that arise out

of the same course of events; and (3) suffered damages when WMI's true condition became

known to the marketplace, causing its share price to decline.  *Strougo, supra,* 243 F.R.D. at 105;

*Bioenvision*, *supra*, 2007 WL 4526532 , at *7.  These questions of liability are common to all

proposed class members.

Under Rule 23, the representative party must also "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *E.g., Strougo, supra,* 243 F.R.D. at 105.

The NYC Police and Fire Pension Funds' interest in aggressively and vigorously pursuing the claims against defendants is aligned with the interests of the members of the class, who similarly suffered losses the same way, *i.e.*, they purchased WMI stock and their investments were impaired by the defendants' conduct. There is no antagonism between the NYC Police and Fire Pension Funds' interests and those of the other members of the class. The NYC Police and Fire Pension Funds have also demonstrated their intention to take an active role in the management of the litigation, working closely with their counsel to achieve the best possible result for the class. *See Snow Decl.*, ¶¶ 19-21.

Moreover, the NYC Police and Fire Pension Funds are themselves experienced at serving as class action Lead Plaintiffs. They are currently Lead Plaintiffs (with other New York City and/or State Pension Funds) in three pending federal securities class actions. *Id.*, ¶ 12. The NYC Police and Fire Pension Funds have also served previously as Lead Plaintiffs in other, successfully completed, federal securities class actions, and in one case, have pursued a litigation strategy which achieved a very substantial reduction in fees awarded to class counsel. *Id.*, ¶¶ 13-16.

Finally, as shown below, the NYC Police and Fire Pension Funds' proposed Lead Counsel, Lowey Dannenberg, is highly qualified, experienced and able to prosecute this complex

litigation in a professional manner.  Thus, the NYC Police and Fire Pension Funds are the most

adequate lead plaintiff in this case.


    **C.**    **The NYC Police and Fire Pension Funds' Selection of**
          **Lead Counsel Should Be Approved**

    The Lead Plaintiff is empowered under the PSLRA to select and retain counsel to

represent the class members, subject to the approval of the court.  *See* 15 U.S.C. §

78u-4(a)(3)(B)(v).  "'Giving the Lead Plaintiff primary control for the selection of counsel was a

critical part of Congress' effort to transfer control of securities class actions from lawyers to

investors.'" *Bioenvision*, *supra*, 2007 WL 4526532, at *11  (citing cases).  In this regard,

following an intensive merit selection process, the NYC Police and Fire Pension Funds have

selected Lowey Dannenberg to act as Lead Counsel for the Class.  *See Snow Decl.*, ¶ 19.  This

process included the negotiation of a limitation of attorneys' fees that Lowey Dannenberg may

seek that are far less than fees typically awarded in securities fraud class action litigation.  *Id.*,

¶ 20.  Lowey Dannenberg is among the preeminent plaintiffs' class action law firms, having taken

leading roles in numerous important actions on behalf of defrauded investors.  *See* Lowey

Dannenberg Firm Resume, Ex. 3 to *St. Phillip Decl.*; *Snow Decl.* ¶ 19.  Lowey Dannenberg has

been recognized recently as appropriate lead counsel in cases brought since the passage of the

PSLRA, including post-PSLRA appointments.  *St. Phillip Decl.* ¶ 4.  Lowey Dannenberg

currently serves as Lead Counsel in another securities class action pending in this Court.  *E.g., In

re Bayer AG Secs. Litig.*, 03 Civ. 1546 (WHP) (S.D.N.Y.).

IV.    **CONCLUSION**

For the foregoing reasons stated above, the NYC Police and Fire Pension Funds

respectfully request that the above captioned cases be consolidated, that they be appointed as Lead

Plaintiff for the Class and that Lowey Dannenberg Cohen, P.C. be appointed as Lead Counsel for

the Class.


Date:   January 4, 2008                    LOWEY DANNENBERG COHEN, P.C.


                                           By:      /s/ **Peter D. St. Phillip, Jr.**
                                                   Richard W. Cohen (RC-5220)
                                                   David C. Harrison  (DH-3834)
                                                   Peter D. St. Phillip, Jr. (PS-0726)
                                                   Thomas Skelton (TS-7908)

                                           White Plains Plaza
                                           One North Broadway
                                           Fifth Floor
                                           White Plains, NY 10601
                                           Telephone: (914) 997-0500
                                           Telecopier: (914) 997-0035
                                           E-Mail: pstphillip@lowey.com

                                           *Counsel for the NYC Police and Fire Pension Funds*
                                           *and [Proposed] Lead Counsel for Plaintiff Class*